IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Avondale Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Norfolk Southern Corporation, Norfolk | ) | |
| Southern Railway Company, Benjamin | ) | C.A. _____ |
| Aiken, Mike Ford, and James Thornton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    The Honorable District Court of the United States for the District Of South Carolina, Aiken Division**

The defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company, would respectfully show unto the court as follows:

1.    The defendants, Norfolk Southern Corporation (hereinafter "NSC") and Norfolk Southern Railway Company ("NSRC"), are parties to a civil action brought against them in the Court of Common Pleas of Aiken County entitled "Avondale Corporation v. Norfolk Southern Corporation, Norfolk Southern Railway Company, Benjamin Aiken, Mike Ford, and James Thornton," C.A. No. 2005-CP-02-1235, which action was commenced as against these defendants by the filing of a summons and complaint on September 26, 2005.

2.    NSC and NSRC appeared in this matter by filing an answer in the Aiken County Court of Common Pleas on September 28, 2005.  Upon information and belief, no other defendants have appeared or been served in this matter.  No further proceedings have taken place.

1

3.     This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which these defendants were first received with the summons and complaint.

4.     NSC and NSRC are corporations organized and existing pursuant to the laws of the State of Virginia with their principal places of business in Norfolk, Virginia. Thus, NSC and NSRC are citizens of Virginia.

5.     Upon information and belief, the plaintiff is a citizen and resident of the State of Georgia. (Complaint ¶ 5).

6.     Benjamin Aiken, Mike Ford and James Thornton are citizens of South Carolina. However, the residency of Defendants Aiken, Ford and Thornton must be disregarded for two reasons: (1) because Plaintiff has improperly named them as defendants in order to fraudulently[1] defeat the removal of this action and the jurisdiction of this Court and (2) because Defendants Aiken, Ford and Thornton have not yet been properly joined and served.

7.     The joinder of Benjamin Aiken, James Thornton and Mike Ford is fraudulent because Plaintiff has no real intention in good faith to seek a joint judgment against Benjamin Aiken, Mike Ford, and James Thornton, based upon the magnitude of the damages sought. Moreover, the presence of NSC and NSRC as defendants render the joinder of nondiverse defendants unnecessary, to obtain a complete remedy. See <u>Alexander v. Electronic Data Systems Corp.</u>, 870 F.Supp. 749 (E.D. Mich. 1994)(holding that removal was proper under a sham defendant analysis when there was no intention to seek joint judgment against the individual nondiverse defendants and the nondiverse defendants were named jointly and severally with the corporate defendant and there was "no concern that [the corporate defendant]

---

[1] "Fraudulent joinder is a term of art; it does not reflect on the integrity of plaintiff or counsel but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant or in fact no cause of action exists." <u>Lewis v. Time Inc.</u>, 83 F.R.D. 455 (E.D. Cal. 1979).

would be unable to satisfy any judgment against them in this matter"); Scientific Computers, Inc. v. Edudata Corp., 596 F. Supp. 1290 (D. Minn. 1984)(holding joinder of nondiverse defendants was fraudulent when there was no intent to obtain a joint judgment against them). Benjamin Aiken, Mike Ford and James Thornton are therefore, sham defendants whose joinder does not defeat this Court's jurisdiction. The defendants would also allege and show that Benjamin Aiken, Mike Ford and James Thornton, as sham defendants, are not required to join in this removal. See Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1009, n.2 (3d Cir. 1987) (fraudulently joined defendants need not join in removal).

8.      Additionally, NSRC and NSC have properly removed this case before service has occurred upon Aiken, Ford and Thornton. Accordingly, this matter is properly removed and before this Court. See Wensil v. E.I. Du Pont De Nemours and Company, 792 F. Supp. 447 (D.S.C. 1992)(holding that 28 U.S.C. §1442(b) allows removal of a diversity action where the defendants removed the action to federal court before the South Carolina resident co-defendants were served); See also, Roberston v. Nye, 275 F. Supp. 497 (W.D. Okla. 1967)(holding that the implication of the wording of 28 U.S.C. § 1441(b) seems clear that there can be removal where the resident defendant has not been served).

9.      Further, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiff seeks recovery of alleged damages including: damage to textile machinery, equipment, inventory, electrical circuitry, wiring, and telecommunications equipment, business interruption including lost revenues, increased production costs, trespass, nuisance, temporary and permanent reduced production capacity, inspection and testing costs, total loss of real and personal property, temporary loss of the use of property, clean-up and remediation costs, replacement costs, increased administrative costs, long-term damage to business and punitive damages. (See Complaint ¶¶ 25, 26, 27, 28, 30, and 40). The allegations

of injuries and damages sought in the complaint are substantial, with payments to plaintiff by NSRC already in excess of the jurisdictional amount, and similar to other actions in which other plaintiffs have sought and recovered damages in excess of $75,000.00. Thus, the jurisdictional amount is satisfied.

10. The United States District Court for the District of South Carolina, Aiken Division, has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all the properly joined and served parties, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00.

11. Additionally, because the plaintiff asserts claims that are so related to other matters before this Court, it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The claims asserted by this plaintiff and by plaintiffs in other matters are so related to one another that they are part of the same case or controversy under Article 3 of the United States Constitution. Thus, the plaintiff's claims may be removed to this Court pursuant to 28 U.S.C. § 1441 with supplemental jurisdiction appropriate under 28 U.S.C. § 1367(a).

12. Currently pending before this Court are the following cases, all of which arise from the same incident that forms the basis of Plaintiff's complaint in this action: Teal, et al v. Norfolk Southern Railway Company, No. 1:05-114-24; Coon, et al. v. Norfolk Southern Corp., No. 1:05-148-24; Rodney Bakari Johnson, et al. v. Norfolk Southern Railroad Co., et al., No. 1:05-209-24; DeLoach, et al. v. Norfolk Southern Corp., et al., No. 1:05-132-24; Watson v. Norfolk Southern Railway Co., No. 1:05-256-24; Deal v. Norfolk Southern Railway Co., No. 1:05-253-24; Coleman, et al. v. Norfolk Southern Railway Co., No. 1:05-258-24; Ofori, et al. v. Norfolk Southern Railway Co., No. 1:05-254-24; Watson v. Norfolk Southern Railway Co., No. 1:05-256-24; Sanders, et al. v. Norfolk Southern Corp., et al., No. 1:05-470-24; Jones v. Norfolk Southern Corp., et al., No. 1:05-

471-24; Nathaniel Massey v. Norfolk Southern Railway Co., No. 1:05-598-24; Curtis Mitchell v. Norfolk Southern Railway Co., No. 1:05-596-24; Tawana Glover, et al v. Norfolk Southern Railway Co., No. 1:05-657-24; Leonard Cuellar, et. al. v. Norfolk Southern Railway Co., No. 1:05-847-24; Timothy J. McCullough v. Norfolk Southern Corporation, et. al., No. 1:05-894-24; Recardo Coleman v. Norfolk Southern Corporation, et. al., No. 1:05-1053-24; Roosevelt Myrick v. Norfolk Southern Corporation, et. al., No. 1: 05-1108-24; Laird v. Norfolk Southern Corporation, et al., C.A. No.: 1:05-1681-24; Cindy Bates et al v. Norfolk Southern Corporation et al, No.: 1:05-1811-24; Mark C. Broome v. Norfolk Southern Corporation, et al., No.: 1:05-1948-24, Antonio Toole v. Norfolk Southern Corporation, et al., No.: 1:05-2040-24; and Lance Pinson v. Norfolk Southern Corporation, et al., No.: 1:05-2095-24.

28 U.S.C. § 1441 empowers this Court to remove an entire civil action despite the fact that not all the defendants would otherwise qualify as nondiverse parties. Because this claim, purportedly involving nondiverse parties, is so related to those already within the original jurisdiction of this Court, that they are part of the same case or controversy under Article 3 of the United States Constitution, this claim shall be removed to this Court pursuant to 28 U.S.C. § 1441 with supplemental jurisdiction appropriate under 28 U.S.C. § 1367(a). See 28 U.S.C. § 1367(a)(providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction"); See also Cohen v. Reed, 868 F.Supp. 489, 494 (E.D.N.Y. 1994)(noting that supplemental jurisdiction is required for matter lacking original jurisdiction when it "involves many of the same factual intricacies" before the court in an action in which the district court has original jurisdiction); Leith v. Lufthansa German Airlines, 793 F. supp. 808 (N.D. Ill. 1992)(denying remand of claims involving nondiverse parties and finding federal jurisdiction appropriate pursuant to 28 U.S.C. § 1367 because the

claims were "so related" to other claims arising out of the original jurisdiction of the court when "the complaints, answers, and affirmative defenses are virtually identical" and "most of any proffered evidence will apply to each claim").

13.     Further, jurisdiction by this Court is appropriate under 28 U.S.C. § 1331.  NSRC is heavily regulated by the federal government and plaintiff has alleged negligence per se by the defendants for violation of "statutes and/or regulations" governing its "ownership, control, operation, use, maintenance, inspection and/or transportation and handling of hazardous materials, which were designed to specifically protect against occurrences such as collision and release." (See Complaint ¶ 42).  Plaintiff's claims involve issues related to speed, signage, warning devices, inspection, and hours of service which center on compliance with federal laws and regulations.  (See Complaint ¶¶ 36 and 39).  Plaintiff's claims require resolution of issues premised on the application of federal law and regulations and whether such federal law and regulations were violated.  Accordingly, federal issues are actually in dispute, the federal issues are substantial, and the exercise of jurisdiction by this Court is consistent with congressional judgment about the sound division of labor between the state and federal courts.  See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, ___ U.S. ___, 162 L. Ed. 2d 257, 125 S.Ct. 2363, 2369-70 (2005)(holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question); See also, Ormet Corp. v. Ohio Power Co., 98 F.3d 799 (4th Cir. 1996)(holding that where the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts).

14. Finally, to the extent that this action alleges that Defendants failed to employ or incorporate adequate, necessary, reasonable safety and warning devices, procedures or practices into the switching devices, railway lines, tank cars, locomotives or other related equipment, this action is removable based upon federal question jurisdiction, without regard to diversity of citizenship, pursuant to 28 U.S.C. §1442(a)(1), in that:

    A. In complying with extensive regulations governing the operation of the trains in question and the transport and handling of hazardous materials, which regulations are mandatory, Defendants were acting under the direction of several federal regulatory agencies, including the United States Department of Transportation (DOT), the Federal Railway Administration (FRA) and the Research and Special Programs Administration (RSPA), among others.

    B. Compliance with these mandatory directions has caused the Defendants to be sued, to the extent that this action alleges that Defendants failed to depart from the mandatory requirements applicable under federal law and regulation of the rail transport of hazardous materials.

    C. Defendants have colorable federal affirmative defenses to these claims, i.e., the preemptive provisions of the Federal Railroad Safety Act (FRSA), 49 U.S.C. §20106 and the pre-emptive provision of the Federal Hazardous Materials Transportation law (HMTA), 49 U.S.C. §5125(a)(1), (a)(2) & b.

15. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing defendants are attached hereto as "**Exhibit A**."

16. The defendants submit this notice of removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company, pray that the above case now pending against them in the Court of Common Pleas for Aiken County, South Carolina, be removed therefrom to this Court.

**(SIGNATURE ON FOLLOWING PAGE)**

September 28, 2005                         s/Christopher M. Kelly
                                           Daniel B. White (Fed. I.D. #4612)
                                           Ronald G. Tate (Fed. I.D. #4021)
                                           Ronald K. Wray, II (Fed. I.D. #5763)
                                           Christopher M. Kelly (Fed. I.D. # 6999)
                                           GALLIVAN, WHITE & BOYD, P.A.
                                           55 Beattie Place, Suite 1200
                                           P.O. Box 10589
                                           Greenville, SC 29603
                                           (864) 271-9580
                                           (864) 271-7502 FAX
                                           dwhite@gwblawfirm.com
                                           rtate@gwblawfirm.com
                                           rwray@gwblawfirm.com
                                           ckelly@gwblawfirm.com

                                           Attorneys for Defendants,
                                           Norfolk Southern Corporation and
                                           Norfolk Southern Railway Company

8