IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

|  |  |  |
|---|---|---|
| Avondale Mills, Inc., and<br>Factory Mutual Insurance Company,<br><br>      Plaintiffs,<br><br>v.<br><br>Norfolk Southern Corporation, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:05-CV-2817-MBS<br>**(Expedited Telephonic Hearing Requested)** |

### DEFENDANTS NORFOLK SOUTHERN CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY'S MOTION FOR EXTENSION OF DEADLINE TO COMPLETE DEPOSITIONS AND ADJUSTMENT OF DEADLINE FOR FILING DISPOSITIVE MOTIONS

    Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern"), pursuant to Local Rule 6.01 DSC, respectfully request (1) a one-month extension to complete the depositions of presently-identified witnesses, which currently must be completed by July 16, 2007, and (2) a one-month adjustment of the dispositive motion deadline, from July 31, 2007 until September 1, 2007.  Norfolk Southern does not request an extension to identify additional witnesses, serve or respond to written discovery, or complete any other discovery other than by the July 16, 2007 deadline.  Nor does Norfolk Southern request a change in the trial date by this motion.

    Counsel for Norfolk Southern certifies that pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 7.02 DSC, it has requested that plaintiffs Avondale Mills, Inc. ("Avondale") and Factory Mutual Insurance Company ("Factory Mutual") consent to this reasonable request for a limited and brief extension.  Indeed, Avondale initially proposed and Norfolk Southern agreed

475308v5

that Norfolk Southern would present already-identified Norfolk Southern witnesses for their depositions until August 29, 2007 and that these depositions, even if taken after the July 16 discovery deadline, could be used in this case. Subsequently, and notwithstanding the Court's admonition that "[t]he parties are strongly encouraged to cooperate in and complete discovery in a timely manner," (Docket Entry ["DE"] # 421), Avondale recanted its initial proposal and refused to extend the deadline to take depositions unless Norfolk Southern would commit that it would not seek an extension of the dispositive motion deadline or the trial date. Plaintiffs now seek to gain a tactical litigation advantage by bombarding Norfolk Southern with additional witnesses, discovery requests, and documents at the eleventh hour, while at the same time refusing to consent to a reasonable extension of the deposition deadline to allow orderly completion of the remaining depositions. With less than one month remaining before the current discovery deadline, their purpose is clearly to preclude Norfolk Southern from adequately preparing for and completing depositions critical to its defense.

Norfolk Southern respectfully requests a telephonic hearing at the Court's earliest convenience to resolve this issue. There are dozens of already scheduled depositions that will take place in the next three weeks and additional dozens of recently identified witnesses whose depositions need to be scheduled.

## ARGUMENT

I.  <u>Norfolk Southern Requests an Additional Month to Depose Identified Witnesses.</u>

Since Avondale began this lawsuit on September 26, 2005, Norfolk Southern has diligently pursued discovery, taking or defending at least 151 depositions.[1] *See* Deposition Schedule (Att. 1). Norfolk Southern is scheduled to take an additional 12 depositions and defend

---

[1] These numbers are based on depositions taken or defended as of June 22, 2007.

475308v5

24 others before the current July 16, 2007 discovery deadline. *Id.* Many of these are expert depositions necessarily scheduled to take place at the end of discovery in connection with the rebuttal expert disclosure schedule. Others are depositions of third-parties, for which the process of obtaining necessary documents is more cumbersome and slower than in first-party discovery. On top of the scheduled depositions, the parties have identified 38 additional witnesses (18 by Avondale and 21 by Norfolk Southern) for whom no depositions have yet been scheduled. *Id.* In total, Norfolk Southern must prepare for and take or defend at least 74 depositions before the end of discovery.

Notwithstanding its diligent efforts to date, which currently include double- and triple-track (and Saturday) depositions, Norfolk Southern requires a brief extension of discovery solely for the purpose of completing the depositions of the witnesses the parties have already identified. With the current deadline fast approaching, plaintiffs have served a last-minute barrage of discovery on Norfolk Southern. Norfolk Southern must now respond to Avondale's Sixth Set of Requests for Production, served on June 6, 2007, Seventh Set of Requests for Production, served on June 13, 2007, Second Requests for Admission, served on June 13, 2007, and Factory Mutual's Requests for Admission, served on June 8, 2007, in addition to preparing for and taking depositions. The 69 individual requests contained in this last-minute discovery could have been served months ago.[2]

---

[2] Concurrently, Avondale's counsel, Terry Richardson, served a set of interrogatories on Norfolk Southern on June 13, 2007 in *In re Graniteville* (Att. 8), and from plaintiffs' point of view this conveniently overlaps the end of the discovery period in *Avondale*. Among other things, the interrogatories seek information for every advance switch indicator light and spring switch operated on the thousands of miles of Norfolk Southern's entire non-signalized rail network since 1997, including but not limited to the manufacturer and model number of each such device. The timing of this onerous set of interrogatories – requiring substantial attorney attention during the last month of discovery in this case – cannot be a coincidence.

475308v5

Moreover, on June 18, 2007, Factory Mutual produced nearly 8,500 pages of documents including, among other things, critical memoranda concerning Factory Mutual's analysis of the reasonableness of Avondale's remediation expenditures and damage allegations. *See* R. Sizemore Ltr. to D. McMinn, June 16, 2007 (Att. 2). Although Factory Mutual represented that "most (if not all) of the documents . . . were previously produced," many were not, even though Norfolk Southern subpoenaed these documents over a year ago. *See* Norfolk Southern's subpoena for documents to Factory Mutual, April 14, 2006 (Att. 3). Even working on 24 hours each day, seven days each week, these documents cannot be reviewed instantaneously and without diverting Norfolk Southern's attorneys from their mission to complete the 74 depositions still to come. Furthermore, in connection with its tardy production, Factory Mutual also dropped on Norfolk Southern three additional privilege logs, including two for Factory Mutual consultants on chlorine testing and sampling, Dr. Christopher Lowicki and Frank Lombardo.

These logs total 218 pages and identify nearly 2,100 allegedly privileged documents withheld from production. *See* R. Sizemore Ltr. to D. McMinn, June 16, 2007 (Att. 2); R. Sizemore Ltr. to D. McMinn, June 15, 2007 (Att. 4). Norfolk Southern must now divert still more resources to review these logs, determine whether there are reasons to question the validity of Factory Mutual's privilege claims, and, if necessary, pursue appropriate discovery motions.[3]

---

[3] In addition, Norfolk Southern still has not received Factory Mutual's documents concerning reinsurance in connection with Avondale's alleged loss, which it requested over a year ago. *See* Request No. 9 of Norfolk Southern's April 14, 2006 subpoena for documents to Factory Mutual, requesting "All communications involving and Documents relating to reinsurers of Factory Mutual (or their retrocessionaires) in connection with the insurance identified in Request Number 1 that refer or pertain to loss arising from the Accident." (Att. 3). In discussions last summer, counsel for Factory Mutual informed Norfolk Southern that Factory Mutual had no reinsurer involved in the Avondale loss and thus that no responsive documents existed. However, at his April 5, 2007 deposition, Factory Mutual Vice President Dennis Corrigan testified that a portion of Factory Mutual's loss *was* covered by reinsurance. *See* Corrigan Dep. 38:1-42:14, April 5, 2007 (Att. 5). Mr. Corrigan's testimony indicates *(cont. next page)*

475308v5

These additional issues, arising at they do at the very end of discovery and caused largely by plaintiffs' dilatory conduct, render insurmountable the already difficult task of timely completing depositions by July 16, 2007. Although the Court previously has extended discovery, plaintiffs will not be prejudiced by an additional one-month extension for the sole purpose of completing depositions. In contrast, without this extension, Norfolk Southern will be severely prejudiced in its ability to prepare its defense and develop a full and accurate factual record, which the Court has recognized is important for a fair trial:

> I understand Avondale's position with regard to the urgency of bringing this matter to a trial and having it resolved finally, but at the same time it's equally important that when we do go to trial that a jury be provided with accurate and complete information and that both sides have had a fair opportunity to obtain all the facts out there with regard to their position.

Hr'g Tr. 10:12-10:18, April 26, 2007. The Court should not reward plaintiffs' refusal to agree to a reasonable extension to complete depositions, particularly in the light of plaintiffs' burdensome and tardy discovery behavior and refusal to honor their previous agreement with Norfolk Southern to extend the deadline to complete at least some of the depositions.

II.     Norfolk Southern Seeks an Extension of the Dispositive Motion Deadline to Coordinate with the Deadline of the State Court Proceeding.

Even disregarding the necessity for moving the deposition deadline to August 15, 2007, there are strong grounds for moving the dispositive motion date to September 1, 2007 from July 31, 2007. Under the present schedule, there is simply inadequate time to prepare such motions properly, given the 74 depositions that must be conducted and the responses that must be

---

*(FN 3 cont.)* that Factory Mutual's representations to Norfolk Southern last year were incorrect. Norfolk Southern has requested that Factory Mutual produce the relevant documents, but it has thus far refused to do so. *See* Letters of April 18, 2007 (Att. 6); June 4, 2007 (Att. 7). Norfolk Southern counsel also has pursued this information in telephone calls and conversations, each time learning that a letter clarifying Factory Mutual's position would arrive "shortly."

prepared to Avondale's belated discovery requests and the *In re Graniteville* discovery concurrently filed against Norfolk Southern. Moreover, the dispositive motion deadline for the state cases on the November docket is September 1, 2007, and it makes sense for the motions in this case to be filed at the same time. Lastly, the parties in this case have agreed to mediation, scheduled for August 2-3, 2007. Not only must Norfolk Southern prepare extensively for this mediation, making the completion of dispositive motions even more difficult, but it would be extremely wasteful of time and energy for Norfolk Southern to prepare dispositive motions in a case that might be settled just days after the motions are filed. Accordingly, whatever course the Court takes as to the deposition deadline, Norfolk Southern requests that the dispositive motion deadline be reset to September 1, 2007.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Norfolk Southern's motion for a 30-day extension of the deadline to complete depositions, from July 16 until August 15, 2007, and an adjustment of the dispositive motion deadline, from July 31, 2007

475308v5

to September 1, 2007.  Norfolk Southern further requests a telephonic hearing at the Court's earliest convenience to resolve this issue.

Dated:  June 25, 2007                                   Respectfully submitted,


                                                W. Howard Boyd, Jr.
W. Howard Boyd, Jr. (Fed. I.D. #1431)
Ronald G. Tate, Jr. (Fed. I.D. #4021)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580 (tel.)
(864) 271-7502 (fax)
hboyd@gwblawfirm.com
rtate@gwblawfirm.com

Joe G. Hollingsworth (*pro hac vice*)
Katharine R. Latimer (*pro hac vice*)
Frank Leone, Jr. (*pro hac vice*)
Peter J. Skalaban, Jr. (*pro hac vice*)
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC  20005
(202) 898-5800 (tel.)
(202) 682-1639 (fax)

ATTORNEYS FOR DEFENDANTS
NORFOLK SOUTHERN CORP. AND
NORFOLK SOUTHERN RAILWAY CO.