**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| AVONDALE MILLS, INC. AND ) <br> FACTORY MUTUAL INSURANCE CO., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORFOLK SOUTHERN CORPORATION, ) <br> AND NORFOLK SOUTHERN RAILWAY ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br> NO. 1:05-CV-2817-MBS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO NORFOLK SOUTHERN'S
MOTION TO STRIKE "CORRECTED" MEYER REPORT**

Plaintiffs Avondale Mills, Inc. ("Avondale") and Factory Mutual Insurance Company ("FM") (collectively "Plaintiffs") respectfully submit this Response to the Motion of Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern" or "Defendants") To Strike "Corrected" Meyer Report [D.E. # 1081] (the "Motion"). The Motion should be denied because the corrections in Meyer's Rebuttal Report (Corrected December 28, 2007) (the "Corrected Report") fully comply with the Federal Rules of Civil Procedure and this Court's prior orders. As such, Avondale respectfully requests that the Motion to strike be denied.

**INTRODUCTION**

Harold Meyer is a financial expert witness in this case. Mr. Meyer offers opinions on the value of Avondale's damaged property measured by repair and replacement costs. Meyer assesses the loss sustained on Avondale's equipment as "the cost reasonably necessary to repair

the machinery, equipment and property if [it] could be repaired and returned to its pre-incident condition," or the replacement cost if such repairs could not be performed. Expert Rebuttal Report of Harold V. Meyer ("Rebuttal Report") dated March 23, 2007 at 1 [D.E. #s 370-371]. The methodology used by Meyer determines the amount of loss sustained to the equipment as a result of the chlorine contamination by determining the amount Avondale would have to pay either to restore the equipment to its pre-derailment condition or to replace the equipment if it could not be repaired.

Norfolk Southern has unsuccessfully tried to exclude Mr. Meyer's testimony on four previous occasions. *See* Minute Entry, April 26, 2007 [D.E. # 410] (denying Norfolk Southern's motion to strike); Hr'g Tr., Sept. 7, 2007 [D.E. # 742] (denying Norfolk Southern's motion to exclude Meyer's testimony as unreliable); Hr'g. Tr., Sept. 17, 2007 [D.E. # 795] (denying Norfolk Southern's Motion for Partial Summary Judgment as to Plaintiff's Claim for Repair and/or Replacement Cost)[1]; Norfolk Southern's Motion in Limine to Exclude Evidence Relating to Avondale's Alternative Theory of Damages, Including Certain Witness Testimony and Opinions of Avondale Mills' Expert Witness Harold V. Meyer [D.E. # 975]. The current Motion (Norfolk Southern's *fifth* try) is yet another unpersuasive attempt to exclude Mr. Meyer, and it too should be denied.

Mr. Meyer's Expert Rebuttal Report was timely submitted on March 23, 2007, and he was deposed regarding the basis of that report on June 7, 2007. Mr. Meyer was later qualified as an expert witness after extensive briefing and a hearing by the Court on September 7, 2007. *See* Hr'g Tr., Sept. 7, 2007. Subsequently, upon consideration of Norfolk Southern's criticisms and careful examination of his March 23, 2007 Expert Rebuttal Report, Mr. Meyer determined that it

---

[1] Although Defendants' Motion for Partial Summary Judgment as to Plaintiff's Claim for Repair and/or Replacement Cost did not seek to exclude Meyer *per se*, its purpose was to exclude the measure of damages based on Meyer's expert report and, nonetheless, would have had the same effect.

was appropriate to supplement his rebuttal report to "account for the amount of depreciation and betterment, *to the extent appropriate*, that Avondale's damaged equipment, machinery and property is subject to.[2]" Meyer Corrected Expert Rebuttal Report ("Corrected Report") dated December 28, 2007 at 5 (emphasis added) [D.E. # 1081-4]. This correction actually reduced the damages measured under the repair and replacement methodologies. Apparently viewing Mr. Meyer's corrected report as yet another opportunity to move to exclude Mr. Meyer's testimony, Norfolk Southern now submits this Motion.

Not surprisingly, Norfolk Southern grossly mischaracterizes Mr. Meyer's Corrected Report, contending that Mr. Meyer has "change[d] his opinion and methodology" (Motion at 6) and that Plaintiffs now offer "a new valuation theory" (Motion at 2) which results in "great prejudice" to Norfolk Southern. Motion at 1. This is simply not true. Meyer has not changed his opinion or his methodology, nor does he offer a new valuation theory. Meyer's Corrected Report merely takes his previous calculations and methodology and accounts for betterment and depreciation, *to the extent appropriate*, in order to address Norfolk Southern's criticism that the Rebuttal Report did not take those items into account. Corrected Report at 5. As such, Defendants' rhetoric that Avondale seeks to "ambush Norfolk Southern with brand new expert opinions" (Motion at 8) rings hollow and should be discarded. Meyer's changes are timely and directed to the precise criticisms raised by Norfolk Southern. Thus, Norfolk Southern's Motion should be denied.

---

[2] Mr. Meyer also excluded from his calculations Copies for Legal as litigation-related expenses. However, Norfolk Southern does not dispute this correction. Motion at FN 6.

**ARGUMENT AND CITATION OF AUTHORITY**

**A.    Meyer's Corrected Report Was Timely Submitted Pursuant to Rule 26**

Norfolk Southern argues that the Court should strike Meyer's Corrected Report as untimely.  Motion at 7.  The Federal Rules of Civil Procedure provide the allowable time-frame wherein an expert report may be supplemented and corrected, and Meyer's Corrected Report complies with those rules.  Rule 26(e) provides that "[a]ny additions or changes [to an expert's report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e)(2).  Here, the Rule 26(a)(3) pretrial disclosures were due on January 7, 2008.  Meyer's Corrected Report was submitted on December 28, 2007.  Therefore, under the Federal Rules of Civil Procedure, Meyer's Corrected Report is timely.

Moreover, Rule 26(e) *requires* an expert to supplement an expert report "if the party learns that in some material aspect the [report] is incomplete or incorrect."  That is exactly what occurred here.  After numerous arguments from Norfolk Southern attacking Meyer for failing to account for betterment and depreciation, re-examination of his report, and suggestions from the Court that the jury would need to consider whether Meyer's calculations should be reduced to account for betterment[3], Meyer determined that an aspect of his report was incomplete.  Specifically, Meyer determined his report would be more complete if it also provided a calculation that accounted for betterment and depreciation, to the extent such an allowance was appropriate.  Corrected Report at 5.  As such, pursuant to the Federal Rules, Meyer submitted a Corrected Report to account for this calculation.

Despite acknowledging that Rule 26(e) requires Avondale to supplement or correct its expert reports (Motion at 7), Norfolk Southern nonetheless argues that Meyer should not be able

---

[3] At the September 17, 2007 hearing the court explained that "[t]he jury will also need to consider whether the cost of restoration or replacement, if that measure is utilized, should be reduced for any betterment accruing to Avondale."  Hr'g. Tr. at 223, Sept. 17, 2007.

4

to correct his report here.  Instead, Norfolk Southern argues that in complying with its expert discovery obligations, Avondale has "ambush[ed] Norfolk Southern with brand new expert opinions" (Motion at 7-8) and that Meyer has "change[d] his opinion and methodology."  Motion at 6.  Avondale has done nothing of the sort.  There are no new valuation theories in Meyer's report, nor has he changed his methodology.  As in his Rebuttal Report, Meyer still determines the amount of loss sustained to the equipment as a result of the chlorine contamination by demonstrating the amount Avondale would have to have paid to either restore the equipment to its pre-derailment condition or to replace the equipment, if it could not be repaired.  In addition, he does not change the methodology he used.  The values in the Corrected Report similarly were arrived at by examining actual repair costs as detailed in the Loss Summary (for repair) and by applying Meyer's extrapolation method (for replace).  Meyer simply adjusted his previous calculations to allow for betterment and depreciation.  Therefore, Norfolk Southern's claim that Meyer "simply decided to apply a different valuation methodology" (Motion at 8) is nothing more than a groundless fifth attempt to exclude Mr. Meyer and his testimony from this case.[4]

Nevertheless, Norfolk Southern suggests that Meyer's Corrected Report "goes well beyond permissible correction."  Motion at 1.  The fallacy of Norfolk Southern's argument is evident in the cases upon which Defendants rely -- cases which are completely irrelevant to the facts that exist here.  For example, Norfolk Southern cites *Beller v. United States*, 221 F.R.D. 689 (D.N.M. 2003), where the court rejected an expert's attempt to fundamentally alter the basis for her opinions.  *See id.* at 691-92.  There, the witness premised the opinions in her original

---

[4] The true irony of Norfolk Southern's Motion is that Defendants now attack Meyer for correcting his report to account for an issue Norfolk Southern argued Meyer failed to account for.  Specifically, Norfolk Southern attacked Meyer's initial report because he *failed to account* for betterment and depreciation, yet now attacks his Corrected Report for *accounting for* betterment and depreciation.  Defendants cannot have it both ways -- they cannot attack Meyer's opinion for a supposed error and then subsequently attack him for correcting that error.

5

report on the theory that a particular government agency failed to institute policies and procedures to prevent its employees from driving drunk in government vehicles. *See id.* In her supplemental report, the expert changed her theory and based her opinions on the countervailing premise that the agency *did have* policies, but was irresponsible in allowing employees to violate those policies. *See id.* The court held that the expert had not "set out to correct an error," but instead offered "new opinions." *Id.* at 692; 694 (noting that the case did not involve "errors that needed to be corrected" or "new information . . . which required that the original report be supplemented"). Here, Meyer's opinions remain premised on the notion that no market exists for the majority of Avondale's equipment and, therefore, repair or replacement values are the appropriate calculation for damages. Meyer has merely taken his calculation and, with new information, supplemented his damage calculation to demonstrate the impact of depreciation and betterment.

Among the other inapposite cases upon which Norfolk Southern relies, *Grassi v. Information Resources, Incorporated*, 63 F.3d 596 (7th Cir. 1995), is similarly irrelevant. There, the court affirmed the district court's decision to disallow supplemental expert reports offered for "an entirely new purpose" and which were tendered "just as the trial was commencing." *See id.* at 603. Unlike the situations in *Beller* and *Grassi*, Meyer's corrections here do nothing more than update and correct his pre-existing Rebuttal Report to account for specific factors identified by Defendants. The purpose of his report -- to provide repair and replacement calculations -- remains unchanged. Because Meyer's Corrected Report does not contain new theories, does not apply different methodologies and is timely under the Federal Rules, Defendants Motion should be denied.

## II.   Norfolk Southern Is Not Prejudiced By the Timely Submission of Meyer's Corrected Report

Defendants cannot claim prejudice here. Norfolk Southern had every opportunity to challenge Meyer's methodology when it filed its original *Daubert* and summary judgment motions. Whether the facts and data upon which Meyer relied to support his calculations are sufficient and whether Meyer's extrapolation methodology is reliable are issues that have been fully briefed and decided. Norfolk Southern has been heard, and its arguments denied. *See* Minute Entry, April 26, 2007 [D.E. # 410] (denying Norfolk Southern's motion to strike); Hr'g Tr., Sept. 7, 2007 [D.E. # 742] (denying Norfolk Southern's motion to exclude Meyer's testimony as unreliable); Hr'g. Tr., Sept. 17, 2007 [D.E. # 795] (denying Norfolk Southern's Motion for Partial Summary Judgment as to Plaintiff's Claim for Repair and/or Replacement Cost).

The Federal Rules anticipate these kind of updates and corrections, and they provide a pre-trial due date (the time for filing Rule 26(a)(3) disclosures) to ensure that the opposing party will have ample opportunity to review the information. Here, Avondale filed the corrections in advance of the Rule 26(a)(3) deadline, and the parties have scheduled Mr. Meyer's deposition for January 25, 2008[5] -- well over a month prior to trial. As such, Norfolk Southern's arguments that these corrections could require "extensive" discovery, "yet another round of surrebuttal reports," time-consuming document review and "further research" are patently misleading -- and they are put forth for no other reason than to suggest to the Court that the corrections could

---

[5] Not surprisingly, Norfolk Southern cites the need to inquire about "what caused Mr. Meyer to change his mind" and "how he actually applied his new methodology" in arguing that Defendants are prejudiced. Norfolk Southern may certainly inquire into these topics at Meyer's deposition, which is scheduled for January 25.

disrupt the current trial schedule.[6]  *See* Motion at 9.  To be clear, Meyer's corrections will not alter the Court's schedule at all.

### III. Meyer's Corrected Report Sets Forth the Basis and Information Considered for His Opinions

Norfolk Southern argues that Meyer failed to properly include in his Corrected Report the basis and information considered in making his corrections.  Motion at 10.  As Norfolk Southern acknowledges, the Federal Rules require that an expert report contain "a complete statement of all opinions to be expressed and the basis and reasons for them," as well as "the data and other information considered by the witness in forming them."  Motion at 10 (citing Rule 26(a)(2)(B)(i), (ii)).  What Norfolk Southern fails to acknowledge, or purposefully ignores, is that Mr. Meyer spends two and a half pages of his six page Corrected Report detailing the information considered and the basis for his adjustments under a section of the report entitled "Information Considered and Basis for Corrections."  In this section of the report, Meyer outlines the steps he took in performing his calculations, including performing a detailed review of his Rebuttal Report; performing an analysis of the age, condition and determinable useful life of Avondale's equipment; analyzing his calculations to determine if any litigation-related costs were inadvertently included; and meeting with Avondale personnel, Continental Machinery personnel and a textile equipment vendor.

In addition, Avondale has supplied the names of each individual with whom Mr. Meyer consulted in determining whether any adjustment was warranted and in performing his actual calculations.  Furthermore, Avondale has produced approximately 6,000 pages of data pertinent to the Corrected Report.  Nonetheless, Norfolk Southern -- clearly reaching for a credible

---

[6] These arguments are especially unfounded in light of the fact that Meyer has not yet been deposed about the corrections.  It would be one thing for Norfolk Southern to argue for additional surrebuttal reports after it had the chance to discuss the corrections with Meyer, but it is quite another to do so before the deposition.  It is certainly no coincidence this Motion preceded Defendants' Motion to Set Aside the Trial Date [D.E. # 1106] by a mere 6 days.

argument -- takes issue with the fact that Meyer did not explain the "genesis" of his opinions or explain why he applied different deductions to the different machines.[7] In light of Mr. Meyer's clear explanation regarding the information considered and the basis for his Corrected Report, and, given the fact that Norfolk Southern will have ample opportunity to question Meyer on these topics at his upcoming deposition, Norfolk Southern's complaints about Meyer's data is unconvincing. As such, the Motion should be denied.

## CONCLUSION

In sum, the updates and corrections in Meyer's Corrected Report are required by Rule 26. The corrections are timely, and there is no basis for striking any portion of the Corrected Report.[8] As such, Avondale respectfully submits that Norfolk Southern's Motion should be denied.

Respectfully submitted, this 14th day of January, 2008.

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC

/s/ Terry E. Richardson, Jr.
Terry E. Richardson, Jr. (#3457)
J. David Butler (#6206)
Walter McBrayer Wood (#9649)
1730 Jackson Street
Barnwell, South Carolina  29812
(803) 541-7850 (telephone)
(803) 541-9625 (facsimile)

---

[7] This argument is unavailing. Norfolk Southern knows better than to suggest it is ignorant about why depreciation would differ from machine-to-machine when depreciation is based on the age and useful life of each individual piece of property. Indeed, Norfolk Southern even cites the definition of depreciation in its Motion. Motion at 5.

[8] Moreover, even if the correction somehow violated Rule 26, it would not be appropriate to strike it if "the failure [to comply with Rule 26] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (outlining factors to consider in determining whether a failure is substantially justified or harmless). Here, each of the factors weighs in favor of allowing the correction.

Michael C. Russ (*pro hac vice*)
Ben F. Easterlin, IV (*pro hac vice*)
Catherine M. O'Neil (*pro hac vice*)
Stephen P. Cummings (*pro hac vice)*
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
(404) 572-2430 (telephone)
(404) 572-5140 (facsimile)

**Counsel for Plaintiff Avondale Mills, Inc.**

James W. Logan, Jr. (#2712)
Michael T. Smith (#4781)
LOGAN, JOLLY & SMITH LLP
1805 North Boulevard
Anderson, South Carolina  29621
(864) 226-1910 (telephone)
(864) 226-1931 (facsimile)

Robert Fisher (*pro hac vice*)
Richard L. Sizemore (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI LLP
2600 One Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
(404) 760-4300 (telephone)
(404) 233-1267 (facsimile)

**Counsel for Plaintiff Factory Mutual Insurance Company**