IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Avondale Mills, Inc. and Factory Mutual Insurance Co., ) ) ) Plaintiffs, ) ) vs. ) ) ) Norfolk Southern Corporation and ) Norfolk Southern Railway Company, ) ) Defendants. ) ) | C/A No. 1:05-2817-MBS<br><br>**O R D E R** |

This matter is before the case on numerous pretrial motions scheduled to be heard on January 17 and 18, 2008.[1] The following motions are ruled on based upon the briefs. Additional orders on other outstanding motions will be forthcoming. Any remaining outstanding motions will be heard and disposed of at the hearing on Thursday, January 17, 2008.

1. <u>Defendants' motion in limine to exclude the alternate damage opinions of Taylor</u> (Entry 898). Defendants' motion is denied based upon Plaintiffs' representation that Taylor will testify as to his opinion based upon a May 26, 2006 valuation date. The motion is denied without prejudice to re-raise the motion at trial if circumstances so warrant.

2. <u>Defendants' motion in limine addressing miscellaneous evidentiary issues</u> (Entry 899). Defendants' motion is denied. The court expects all parties to adhere to the applicable rules of evidence. The court further expects counsel to comport themselves at trial in accordance with the highest ethical and professional standards. The motion is denied without prejudice to any party to make appropriate objections at trial if circumstances warrant.

---

[1] The January 18, 2008 hearing is cancelled and will be rescheduled if necessary.

3.      <u>Defendants' motion in limine to exclude Genio testimony</u> (Entry 900). Defendants' motion is denied. The motion is denied without prejudice to re-raise the motion at trial if circumstances so warrant.

4.      <u>Defendants' motion in limine regarding evidence supporting Plaintiffs' preempted operational claims</u> (Entry 901). Defendants' motion is granted. Plaintiffs are precluded from asserting reckless, willful, or wanton conduct based on preempted claims; specifically, train speed, internal operating rules and procedures, negligent retention and supervision, transportation of hazardous materials, signal visibility, and any other claims the court has determined to be subject to the preemption doctrine. The court further finds that the speed of the second train manned by the P192 crew is irrelevant and lacks a causal connection to the derailment, and any evidence regarding alleged negligence on the part of the P192 crew is excluded absent good cause shown at trial.

5.      <u>Defendants' motion in limine to exclude testimony of Taylor</u> (Entry 903). Defendants' motion is denied with respect to their contention that Taylor's statements constitute undisclosed opinions. The court finds that Defendants fail to meet the factors set forth in <u>Southern States Rack & Fixture, Inc. v. Sherwin-Williams</u>, 318 F.3d 592, 598 (4th Cir. 2003). Defendants' motion further is denied with respect to their contention that Taylor is parroting information from Avondale witnesses. Interviews with employees constitute the type of information typically relied on by professional accountants to form expert opinions. <u>United States v. Affleck</u>, 776 F.2d 1451, 1457 (10th Cir. 1985); <u>see</u> Fed. R. Evid. 703. The veracity or reliability of the employee information is a topic for cross-examination.

6.      <u>Defendants' motion in limine to exclude evidence related to non-operational preempted claims</u> (Entry 904). Defendants' motion is granted in part and denied in part. Plaintiffs

are prohibited from presenting evidence that the crew members were fatigued. The question of whether the crew members were fatigued prior to the derailment is not relevant and is preempted by the Hours of Service Act (HSA).

The sole issue as a consequence of the court's prior rulings is whether Avondale can prove negligence per se. In order to show that Defendants owed it a duty of care arising from the HSA, Avondale must show (1) that the essential purpose of the statute is to protect from the kind of harm it has suffered; and (2) that it is a member of the class of persons the statute is intended to protect. If Avondale makes this showing, it has proven the first element of a claim for negligence, i.e., that Defendants owed it a duty of care. If Avondale then shows that Defendants violated the HSA, it has proven the second element of a negligence cause of action, i.e., that Defendants, by act or omission, failed to exercise due care. See Trivelas v. S.C. Dep't of Transp., 558 S.E.2d 910, 914-15 (S.C. Ct. App. 2001) (quoting Rayfield v. S.C. Dep't of Corr., 374 S.E.2d 910 (S.C. Ct. App. 1988)). As stated by the South Carolina Court of Appeals:

> Negligence per se simply means the jury need not decide if the defendant acted as would a reasonable man in the circumstances. The statute fixes the standard of conduct required of the defendant, leaving the jury merely to decide whether the defendant breached the statute. If he did, his failure to take due care is established as a matter of law. The only issue then left for the jury to determine is the third element of negligence, viz., whether the defendant's conduct proximately caused damage to the plaintiff.

Rayfield, 374 S.E.2d at 915.

The court will allow Plaintiffs to introduce relevant evidence that Defendants previously were aware of HSA violations for statutory on duty and rest time and cited therefor. Evidence as to screening, testing, prior conduct by crew members, and training is preempted or otherwise excluded

based on the court's prior rulings.  Evidence regarding negligent retention, negligent training, and negligent supervision also is excluded.

       7.    <u>Defendants' motion in limine to exclude evidence related to HSA violations</u> (Entry 905).  For the reasons stated herein above, Defendants' motion is denied in part and granted in part.  The court will allow relevant evidence regarding HSA violations of statutory on duty and rest time and citations therefor.  Evidence regarding alleged inadequate bookkeeping is excluded.

       8.    <u>Defendants' motion in limine to exclude testimony of Bodnar and Gavalla</u> (Entry 907).   For the reasons stated hereinabove, Defendants' motion is granted as to evidence regarding fatigue.  The sole issue under a negligence per se theory of liability is whether Avondale is within the class of persons to be protected from the harm sought to be prevented by the HSA, whether the HSA was violated, and whether the violation proximately caused the derailment.  As Avondale has argued previously, fatigue is presumed.  See <u>Bhd. of Locomotive Eng'rs v. Atchison, Topeka & Santa Fe</u>, 516 U.S. 152, 157 (1996) ("The purpose of the HSA is to promote the safe operation of trains . . . .The statute, in effect, makes the determination that a train employee who remains on duty for more than 12 consecutive hours will be too fatigued to operate a train in a safe manner."). Therefore, evidence regarding the crew members' actual physical condition at the time of the derailment is both irrelevant and preempted by the HSA.  Defendants' motion is granted also as to testimony regarding training, testing and supervision, as these issues are preempted.  Evidence of other HSA violations, except to introduce relevant evidence that Defendants previously were aware of HSA violations for statutory on duty and rest time and were cited therefor, is excluded.

       9.    <u>Defendants' motion in limine as to evidence regarding the transportation of hazardous materials</u> (Entry 908). Defendants' motion is granted.  Evidence of unreasonable or reckless conduct

based upon the transportation of chlorine or other hazardous materials is preempted, as Avondale conceded and the court ruled on August 21, 2006.  There is no evidence that applicable federal law or regulations were violated by the transportation of the chlorine prior to the derailment.  The parties may introduce *factual statements* regarding the derailment and subsequent release of chlorine as background information for the jury to understand the context in which the property damage to Avondale occurred.

10. Defendants' motion in limine to exclude arguments that an aggregate of negligent conduct equates to recklessness (Entry 909).  In order for a plaintiff to recover punitive damages in a negligence action, there must be evidence the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights.  Cohen v. Allendale Coca-Cola Bottling Co., 351 S.E.2d 897, 900 (S.C. Ct. App. 1986) (citing Lengel v. Tom Jenkins Realty, Inc., 334 S.E.2d 834, 837 (S.C. Ct. App. 1985)).  Simple negligence affords no basis for an award of punitive damages.  Id. (citing Lengel, 334 S.E.2d at 837).  Conduct is willful, wanton, or reckless when it is committed with a deliberate intention under such circumstances that a person of ordinary prudence would be conscious of it as an invasion of another's rights.  Id. (citing Rogers v. Florence Printing Co., 106 S.E.2d 258, 263 (S.C. 1958)).  It is the present consciousness of wrongdoing that justifies the assessment of punitive damages against the tortfeasor.  Id. (citing Rogers, 106 S.E.2d at 263).

The law in South Carolina requires something more than the aggregation of mere negligent acts to entitle a plaintiff to punitive damages.  Plaintiffs must show that Norfolk acted recklessly, or wantonly.  Even gross negligence does not entitle a plaintiff to punitive damages unless the gross negligence was so extreme as to constitute reckless conduct.  See Hicks v. McCandlish, 70 S.E.2d 629, 631 (S.C. 1952).  Based upon these precedents, Defendants' motion is granted.

11. <u>Defendants' motion in limine to exclude subjective assessments of management by Avondale experts</u> (Entry 910). Defendants' motion is denied. Defendants may attack the experts' opinions and assumptions on cross-examination. The motion is denied without prejudice to re-raise the motion at trial if circumstances so warrant.

12. <u>Defendants' motion in limine to exclude evidence of unrelated rule violations</u> (Entry 911). Defendants' motion is granted. Plaintiffs are granted leave to reassert the issue at trial if it can establish relevancy within the parameters of the court's rulings regarding internal operating rules and negligence per se.

13. <u>Defendants' motion in limine to exclude testimony of Czeisler (Entry 912)</u>. Defendants' motion is granted. For the reasons set forth hereinabove, Plaintiffs' allegations regarding fatigue are preempted by the HSA and not relevant to its claim of negligence per se.

14. <u>Defendants' motion in limine to exclude NTSB Final Accident Report and draft factual accident reports</u> (Entry 914). Although there is authority in other jurisdictions to the contrary, it appears in the Fourth Circuit that the factual allegations contained in an NTSB Report are admissible under Fed. R. Evid. 803(8). See <u>Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.</u>, 190 F.3d 238 (4th Cir. 1999) (holding that an NTSB order that involved no factual determinations and was strictly a legal ruling to be inadmissible, thus Fed. R. Evid. 803(8) did not apply); <u>Travelers Ins. Co. v. Riggs</u>, 671 F.2d 810, 816 (4th Cir. 1982)(not reaching question of whether factual portions of NTSB reports are admissible because not raised on appeal, but affirming that the use of conclusory sections of NTSB reports is error); <u>Major v. CSX Transp.</u>, 278 F. Supp. 2d 597 (D. Md. 2003); <u>Hurd v. United States</u>, 134 F. Supp. 2d 745, 750 (D.S.C. 2001), <u>aff'd</u>, 34 F. App'x 77 (4th Cir. 2002). The parties agree that 49 C.F.R. § 835.2 allows the introduction of "factual accident reports," and

Plaintiffs represent that they do not intend to offer any draft factual accident reports. As to Norfolk's submissions to the NTSB and any purported documents underlying the NTSB Report or factual accident report, the motion is denied with leave to reassert at trial if the circumstances warrant.

15.  <u>Defendants' motion in limine to exclude newspaper articles, media accounts, and similar materials</u> (Entry 918). Defendants' motion is denied. As Plaintiffs acknowledge, newspaper articles, media accounts, and similar matters generally constitute inadmissible hearsay. <u>See</u> <u>Gantt v. Whitaker</u>, 57 F. App'x 141, 150 (4th Cir. 2003). Plaintiffs are granted leave, however, to seek admission at trial of newspaper articles, media accounts, and similar materials for permissible purposes.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

January 15, 2008