# ATTACHMENT 7

1/17/2008  Motion Hearing (Avondale v Norfolk Southern) [ROUGH]

1        This is the 17th day of January 20008    This is the 17th day of J

2                  IN THE UNITED STATES DISTRICT COURT

3                FOR THE DISTRICT OF SOUTH CAROLINA

4                        COLUMBIA DIVISION

5

6       Avondale, incorporated    )    Ca. NO. 1:05-2817

7                   Plaintiff,    )    COLUMBIA, SC

8                                 )    february 16, 2007

9                                 )

10      VERSUS                    )

11                                )

12      norfolk southern corp., et )

13      Et al.,                   )

14                  Defendants.    )

15                                  )

16

17             BEFORE THE HONORABLE margaret b. Seymour

18               UNITED STATES DISTRICT COURT JUDGE

19                   Telephone conference

20

21      APPEARANCES:

22

23      FOR THE plaintiff:        TERRY RICHARDSON, esq.

24                                Richardson, patrick, westbrook

25                                   And brickman

1

### 1/17/2008 Motion Hearing (Avondale v Norfolk Southern) [ROUGH]

1    valuations and say,  all right,  the Court has ruled that

2    immediately before the derail ~ment is not the appropriate

3    time.   Of course,  we disagree with that.   But the Court has

4    said we must present our counter valuations accepting Mr.

5    Taylor's May 26,  2000 /#*6 date and that is going to require

6    substantial amount of work for our experts to do that.   They

7    just can't take that off-the-shelf and stick in it to their

8    reports.   I have had occasion to talk to all of our financial

9    experts in the last couple of weeks for reasons related to

10   motion docket entry 986 which I will address in a minute and

11   they are all extremely busy right now and it is very difficult

12   to get a time from them at this late point,  but if that is

13   the Court's ruling it seems to require to us go back and have

14   them redo their analyses to conform.   The alternative is to

15   say each side can present its theory of damages as of the date

16   it feels is appropriate.

17        THE COURT:   Explain to me why you would have to

18   remember do your valuations.   It would seem to me that you

19   would have to address the plaintiffs valuations based on this

20   slow death scenario and that your expert would have to either

21   attack that disagree with it and present testimony in that

22   regard.

23        MR. BERGER:  Our experts have already done that when

24   they filed sur rebuttal reports.   In other words Mr. Taylor

25   filed his original report where he brought in this theory of

1/17/2008  Motion Hearing (Avondale v Norfolk Southern) [ROUGH]

```
1        instruction that you would give.   If you give that
2        instruction,  the date that the plaintiff's experts have
3        measured damages of January 5 is going to be irrelevant.    And
4        so there would be no reason for them to put that evidence in
5        the record that is sour position,  Your Honor.
6                THE COURT:    Up above February should be May.
7                THE COURT:    Would Norfolk southern be able to say to
8        the jury,  for example,  plaintiffs have argued that May the
9        May 26th date is the appropriate day,  we think that that is
10       not appropriate and have the jury pick what they believe is
11       the appropriate valuation?
12               MR. RUSS:  Your Honor,  I don't believe that would be
13       appropriate because the Court is going to have to issue an
14       instruction to the jury on the law.    And the question of law
15       comes back to the Court.    That is the very reason why we did
16       an alternate.    They could have done the same thing.
17               MR. BERGER:  Your Honor,  on this issue I would ask
18       the Court,  I know the court had wanted to consider this
19       issue,  ask the Court either clarify its ruling that we are
20       allowed to have our experts present their theories which would
21       include the valuation of the company prior to the derail ~ment
22       or reset a schedule,  a reasonable scheduled to give us an
23       opportunity to redo our expert reports to accommodate some
24       other date.    They have never moved to exclude our evidence on
25       grounds of relevance or because of unreliable based on the
```

### 1/17/2008 Motion Hearing (Avondale v Norfolk Southern) [ROUGH]

1    choice of the derail ~ment date.   We would be highly unfairly

2    prejudiced at this point because if the Court's ruling stands

3    and our experts cannot revise their reports, the Court has

4    perhaps unwillingly knocked out about 90 to 95 percent of the

5    valuation information in our expert's reports.   And we don't

6    think /PHAO*EUD immediately prior to trial that would be

7    appropriate.   Your Honor, if I may turn unless you have more

8    questions on that I will turn very briefly to 986.   The

9    point under 986 was not simply that these were alternate

10   opinions, but that they came on December 7th, 2007.   If 2

11   Court does allow any alternate opinions from Mr. Taylor, they

12   /HAO should not be those that were revised just now we feel

13   that this is classic sandbagging.   On two of their alternates

14   which remain, they have increased their damages claim by more

15   than 48 million dollars.   And they explained these changes

16   arise from the correction of errors, the size of the errors

17   are monumental but what is more important is are the relevant

18   dates.   In their response of page 2 which was docket entry 99

19   99 they explained that one of these errors is an 85 .5

20   million dollar gain on insurance settlement for a period

21   ending of May 2006.   And the other mistake or they corrected

22   was a 71 /*PLT 8 million dollar loss on I will question

23   /STKAEUGS net was over as of August 2006.   So, those

24   transactions that they say were recorded in error were known

25   back in 2006.   It is not something that happened at the end

**1/17/2008  Motion Hearing (Avondale v Norfolk Southern) [ROUGH]**

1       of 2007.    And another explanation that Mr. Taylor gave last

2       week when I deposed him about these change /SES that he

3       changed his decision about how the tax effect various income,

4       originally tax effected it then realized he was no longer

5       going to do so a strategy call it happened to add another 24

6       million dollars to those alternate damages calculations.    And

7       they have an obligation under 26 E to seasonably supplement

8       their disclosures not to do it at the last minute.    I think

9       the Southern State's factors all point in favor of excluding

10      these corrected numbers if any alternate numbers go to the

11      jury from Mr. Taylor because we obviously are surprised by

12      this.    There is disruption, there is a lack of ability to

13      cure given the present time frames.    Southern states says the

14      rules are designed to allow the /AEU upon end to develop

15      counter testimony.    And it complicates our expert's task

16      right now of trying to counter test the money to allow the

17      alternates in addition to the main or real opinion.    Southern

18      states says what is the explanation for this? And there is no

19      explanation.    We made a mistake,  it is not an explanation.

20      They don't say why they made the mistake how they made the

21      mistake what data that they should have had that they didn't

22      get or Mr. Taylor saying I just changed my mind on the tax

23      issue, that is not an explanation.    And finally,  the last

24      factor is important,  but soutSouthern St says that if it is

25      important,  it should have been disclosed in a timely manner.

1/17/2008  Motion Hearing (Avondale v Norfolk Southern) [ROUGH]

```
1      And this is clearly not important because these are only the

2      alternate opinions of December 7, 2007, not his real

3      opinion.    Thank you.      opinion.    Thank you.

4            THE COU

5            MR. RUSS:  Let me address immediately the issue of

6      whether the corrected report was timely.

7            THE COURT:    Rather the what in I didn't hear what

8      you just said.

9            MR. RUSS:  Let me address immediately the issue of

10     whether the corrected report was filed timely.

11           THE COURT:    Okay.

12           MR. RUSS:  To do that I will put up a document.    The

13     significant part of the Cronenbchr really starts later on here

14     we go.    The taylor rebuttal report was filed March 23, '07,

15     his deposition was taken June 4th, 07 '07, th was a Daubert

16     hearing on 9-7-07, his report as you will hear later

17     according to his testimony had not changed between March 23,

18     07 '07 the time of his Daubert hearing on September 7, '07.

19     Summary judgment hearing on September 14, at which the court

20     was told, opposing counsel were told what everybody knew

21     which is that the taylor damage calculation report would

22     change.    Mr. Easter Lynn made that expressed statement on the

23     record, we quoted it in our brief.    It was known that this

24     liquidation would was in process, be additional transactions

25     and occurrences that would take place from that date forward
```

## 1/17/2008  Motion Hearing (Avondale v Norfolk Southern) [ROUGH]

1     bound by statements made during the insurance adjustment

2     process that follow the derailment under South Carolina law

3     Avondale is a true party in interest and factory /PHAOU

4     through all has been allowed to intervene in the action solely

5     because Avondale and factory mutual conceded previously that

6     Avondale would not adequately represent factory mutual's

7     interest in the subrogation claim; therefore,  I find the

8     statements that have been made by factory mutual after the

9     derailment are not admissible as admissions by afterAvondale

10    federal Rules of Evidence 8 /01(d)1.    -- I mean 801(d) 2 A.

11        No folk's motion to strike alternate damages calculations

12    in corrected taylor report which is docket entry 986.   I am

13    going to take this motion under advisement pending briefing

14    from Avondale as to whether it wishes to submit argument

15    submitting alternate damage calculations to the jury in

16    relation to the slow death scenario.   By way of v/SRA Clary

17    if I case Norfolk Southern is entitled to as a defendant to

18    present an alternative theory to the jury and argue to the

19    jury that its measure of damages should be applied rather than

20    the measure that has been advanced by afteAvondal Not measure

21    theory.

22        Defendant's motion to strike taylor and for other

23    appropriate relief including issuance of show cause order

24    which is entry number 998 and Norfolk Southern's motion to

25    strike corrected Meyer report which is entry number 108 1,